U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 FEB 21 AM 9: 35

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

KEREN SITA, )
 )
   Plaintiff, )
 )
v. ) Case No. 2:24-cv-899
 )
U.S. DEPARTMENT OF HOUSING AND )
URBAN DEVELOPMENT, Office of Fair )
Housing & Equal Opportunity Region I, and )
JORDAN STALEY, )
 )
   Defendants. )

**ORDER**
(Doc. 6)

Plaintiff Keren Sita initiated this lawsuit on August 15, 2024, following an incident at the Office of Fair Housing and Equal Opportunity Region 1, U.S. Department of Housing and Urban Development ("HUD") in Burlington, Vermont. On December 3, 2024, the court granted Ms. Sita leave to proceed *in forma pauperis* ("IFP") but dismissed the original Complaint on sovereign immunity grounds upon review under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). The court allowed Ms. Sita to file an Amended Complaint[1] which she did on January 3, 2024. (Doc. 6). The case is back before the court for § 1915(e) review.

**I.   Allegations of the Proposed Amended Complaint**

The facts alleged in both complaints are the same. Ms. Sita alleges that she lodged a discrimination complaint about her treatment as a tenant of the Champlain Valley Housing Trust. HUD assigned her case to attorney Jordan Staley for investigation. Ms. Sita harbored reservations about the assignment of her case to Mr. Staley who, like her, is Black. She feared "a

---

[1] Ms. Sita was advised she "must assert an applicable waiver of sovereign immunity such that the court may proceed to consider whether she has alleged a plausible claim." (Doc. 4 at 10.)

perpetuation of discriminatory practices through internal division." (Doc. 6 at 3, ¶ 9). She cooperated with Mr. Staley's investigation through phone calls and email. She became displeased with his demeanor which she perceived as "dry, uncompassionate, detached and disinterested." *Id.* ¶ 12. She decided to visit Mr. Staley in person to establish a more personal connection.

At a date in August 2023, Ms. Sita arrived at the HUD office "as a bold move to surprise [Mr. Staley]," convinced that "although appearing as merely an unassuming Black man, [he] was under the subtle influence of racist forces at play." *Id.* ¶ 15–16. She recognized Mr. Staley because "obviously I looked up his picture online." *Id.* at 4, ¶ 19. She pointed at him and told another employee "'the Black man, please.'" *Id.* ¶ 21. Mr. Staley identified himself and confirmed that he was a graduate of the University of Denver law school. Ms. Sita alleges that she could see that Mr. Staley was sexually aroused. She said, "'I'll deal with you later'" before heading for the door. (Doc. 6 at 5, ¶ 32.) When Mr. Staley asked her what she meant, she said, "'You know what I mean.'" *Id.* ¶ 34. She then left. HUD closed the office for the day out of concern that Ms. Sita had made a threat. By email on August 24, 2023, Mr. Staley advised Ms. Sita that "'moving forward all communications between us will be in writing . . . I will not speak with you over the phone or meet with you in person." *Id.* ¶ 39.

On the basis of this brief encounter, Ms. Sita has now alleged 28 causes of action. All share a common theme that Mr. Staley has failed to conduct a fair investigation and harbors a discriminatory animus against Ms. Sita. In contrast to the original Complaint, which was primarily directed against HUD, the Amended Complaint focuses on seeking money damages from Mr. Staley.

ANALYSIS

**II.   Standard of Review Under § 1915(e)(2)(B)**

Under the IFP statute, the court must conduct an initial screening of the Amended Complaint. *See* 28 U.S.C. § 1915(e)(2). "[T]he court shall dismiss [a] case [filed IFP] at any time if the court determines that. . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, a district court must dismiss a case *sua sponte* if it determines the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Courts afford pleadings filed by self-represented parties "special solicitude." *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). Thus, the court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The court must construe a self-represented plaintiff's complaint to raise the strongest arguments it suggests. *See Harris v. Miller*, 8181 F.3d 49, 56 (2d Cir. 2016) (per curiam).

**III.   Review of the Amended Complaint**

The court DISMISSES the Amended Complaint. The facts alleged provide no basis for any claim of discrimination, negligence, or misconduct by Mr. Staley. They describe a brief encounter in a public space, ending in what Mr. Staley believed was a potential threat of harm. The construction Ms. Sita places on their conversation includes claims of bias, sexual attraction, and "a sense of danger"—all disproportional to what Ms. Sita actually alleges took place. No

3

reasonable interpretation of these facts can support an inference of discrimination or other wrongdoing by Mr. Staley. *See Felder v. United States Tennis Ass'n*, 27 F.4th 834, 841 (2d Cir. 2022) ("[E]ven pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level.") (internal quotation marks omitted).

More fundamentally, Plaintiff failed to heed the court's instruction to plead a basis for waiver of the government's sovereign immunity. As the court explained, in any action in which the United States or one of its agencies, including HUD, is named as a defendant, a waiver of the government's sovereign immunity is a prerequisite to subject matter jurisdiction. *See Collins v. United States*, 996 F.3d 102, 108–09 (2d Cir. 2021) ("The law is clear that the United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued.") (cleaned up); *see also Newman v. HUD*, 2024 WL 1639395, at *2 (S.D.N.Y. Apr. 15, 2024) ("Because HUD is an executive agency of the federal government, the doctrine of sovereign immunity shields it from suit.") (cleaned up). Sovereign immunity also protects federal officers, such as Mr. Staley, in their official capacities frum suit unless immunity has been waived. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). "[T]he plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 114 (2d Cir. 2010).

Because Plaintiff does not allege a plausible claim against a defendant who is not immune to claims for monetary relief, it must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3); *see also Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) ("Once a federal court determines it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") (internal quotation marks omitted).

### IV.  Leave to Amend

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 53 (2d Cir. 2020) (cleaned up). In this case, the court has previously allowed Ms. Sita the opportunity to amend. Because better pleading is unlikely to cure the deficiencies in Plaintiff's Amended Complaint, leave to amend is denied. *See Smith v. United States*, 554 F. App'x 30, 31–32 (2d Cir. 2013) (affirming sovereign immunity barred claims and holding because this "fatal substantive defect[] . . . could not be cured by further pleading, the district court did not abuse its discretion in denying leave to amend").

### CONCLUSION

For the reasons stated above, Plaintiff's Amended Complaint (Doc. 6) is DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3) without leave to amend. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of February, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court